1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

ALBERT EUGENE THOMAS,

12

Plaintiff,

13

v.

14

CAPTAIN CHENALO, C/O GUERRA,
C/O SALAS, C/O MEDINA, C/O #1
THIRD WATCH, C/O FLOREZ AND
PROGRAM SGT. PADILLA,

15

16

Defendants.

17

Case No.  1:19-cv-01185-AWI-HBK (PC)

FINDINGS AND RECOMMENDATIONS TO
PERMIT PLAINTIFF TO PROCEED ONLY
ON COGNIZABLE EIGHTH AMENDMENT
CLAIM[1]

(Doc. No.  20)

18

Plaintiff Albert Thomas is a state prisoner proceeding pro se and *in forma pauperis* in this

19

civil rights action under 42 U.S.C. § 1983.  Plaintiff is proceeding on his Second Amended

20

Complaint filed August 30, 2021.  (Doc. No. 20, "SAC").  As more fully set forth below, the

21

undersigned finds the SAC states a cognizable claim for an Eighth Amendment violation against

22

defendants Flores, Salas, Medina, and C/O #1 Third Watch for subjecting Plaintiff to

23

unconstitutional conditions of conferment but no other claims and recommends that Plaintiff be

24

permitted to proceed only on his cognizable claim and all other defendants and claims be

25

dismissed.

26

27

[1] This matter was referred to the assigned United States Magistrate Judge pursuant to 28 U.S.C. §
636(b)(1)(B) and Local Rule 302.

28

1    **BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

2              On June 2, 2021, the undersigned issued a screening order on Plaintiff's First Amended

3    Complaint (Doc No. 13, "FAC") and found the FAC stated a cognizable Eighth Amendment

4    claim for cruel and unusual punishment against Defendants Salas and Medina for subjecting

5    Plaintiff to unconstitutional conditions of confinement but no other claim against any other

6    defendant.  The Court afforded Plaintiff the opportunity to (1) proceed on his FAC only on his

7    cruel and unusual punishment claim against Salas and Medina; (2) file a second amended complaint

8    to add additional facts in an attempt to make out additional claims or claims against additional

9    defendants, or (3) stand on the current FAC subject to dismissal of claims and defendants consistent

10   with its order.  (Doc. No. 15).  Plaintiff elected to file a SAC.  (Doc. No. 20).

11             The SAC identifies the following defendants in the caption of the pleadings and in the list

12   of defendants: Captain Chenalo, C/O Guerra, C/o Sala, C/O Medina, C/O #1 Third Watch, C/O

13   Floriez, and program Sgt. Padilla.  (Doc. No 20 at 1, 4, 5).  However, in the SAC Plaintiff states

14   he does not wish to proceed against defendants Chenalo, Guerrera, and Padilla or on his claim of

15   retaliation against any defendants. (*Id*. at 5).[2]  Thus, the undersigned only considers the

16   allegations in the SAC as against defendants Florez, Salas, Medina, and C/O #1 Third Watch.

17   The SAC identifies two causes of action: (1) an Eighth Amendment claim for cruel and unusual

18   punishment; and (2) abuse of power and discretion.  (*Id*.).  The SAC sets forth the following facts,

19   which are presumed as true at this stage of the proceedings,

20             On June 22, 2019, Plaintiff moved into building A1-126 at North Kern State Prison.

21   (Doc. No. 20 at 5).  Plaintiff immediately noticed a "strong odor" coming from his cell and

22   received a shock when he turned on the light.  (*Id*. at 5-6).  There was mold and mildew on the

23   walls, the cell was filled with rust, leaking "filthy stinking" water puddled on the floor, and the

24   improperly installed light switch shocked Plaintiff when he turned on or off the light.  (*Id*. at 6-9).

25   Plaintiff complained about the cell's conditions and requested Florez, Salas, Medina, and C/O #1

26   Third Watch to inspect his cell but they refused.  Plaintiff continued to complain about the

27   _____

28   [2] The undersigned previously found the FAC did not a cognizable Eighth Amendment claim against
     Chenalo, Guerrera and Padilla, nor a First Amendment claim of retaliation. (Doc. No. 17 at 7-8).

conditions of his cell to these four defendants and made them each aware that his health was deteriorating due to the cell's condition.  (*Id*.).  But each of the defendants laughed and refused to move Plaintiff.  (*Id*.).  Plaintiff continued to make requests to the four named defendants to move him, and even undertook his own search for a new cell, but the defendants refused to transfer Plaintiff to another cell.  (*Id*.).  Plaintiff also requested, but was denied, cleaning supplies by these named defendants.  (*Id*.).  Finally, Plaintiff placed cardboard between the light switch and the guard around the light switch to avoid getting shocked which Plaintiff informed defendants of, but he still was not given a new cell.  (*Id*. at 9).

Soon after moving into his cell, Plaintiff developed an excruciating cough, a sore throat, and experienced pain when breathing.  (*Id*. at 6-7).  Plaintiff also had trouble sleeping over an extended period of time because he would wake up from coughing.  (*Id*. at 6).

After 48 days, Plaintiff was finally moved into a different cell on August 7, 2019.  (*Id*. at 9).  But his physical condition continued to deteriorate, and approximately five to six months after he first developed his cough, he was sent to a hospital outside of North Kern State Prison.  (*Id*. at 10).  Plaintiff was diagnosed with Valley Fever and pneumonia.  (*Id*.).

As relief, Plaintiff seeks $50,000 in punitive and $50,000 in compensatory damages from each Defendant.  (*Id*. at 12).

## APPLICABLE LAW

### Screening Requirements and Fed. R. Civ. P. 8

Under 28 U.S.C. § 1915A, a court is required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees.  *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th

Cir. 1984).  The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however unartfully pleaded, has an arguable legal and factual basis.  *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts supporting the claim that would entitle him to relief.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).  During screening, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).  The court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail allowing the court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility that a defendant acted unlawfully is not sufficient, and consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citations omitted).  Courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as

4

1    true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

2          If the court determines that a pleading could be cured by the allegation of other facts, a

3    *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.

4    *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of*

5    *Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant

6    on how to cure the defects.  Such advice "would undermine district judges' role as impartial

7    decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131

8    n.13.

9          Finally, examples of immunity from relief for consideration during screening, include, but

10   are not limited to, quasi-judicial immunity, sovereign immunity, or qualified immunity.

11   Additionally, a plaintiff may not recover monetary damages absent a showing of physical injury.

12   *See* 42 U.S.C. § 1997e(e).  In other words, to recover monetary damages, a plaintiff must allege

13   physical injury that need not be significant but must be more than de minimis, except when

14   involving First Amendment claims.  *Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002)

15   (surveying other circuit courts and agreeing with the Second, Fifth, and Eleventh Circuits on

16   Prison Litigation Reform Act's injury requirement, but not defining de minimis the way the Fifth

17   Circuit does).

18          **Threshold Requirements of 42 U.S.C. § 1983**

19          Section 1983 allows a private citizen to sue for the deprivation of a right secured by

20   federal law.  *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 916 (2017).  To

21   state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law

22   caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo Park*

23   *v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation

24   requirement by showing either: (1) the defendant's "personal involvement" in the alleged

25   deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a

26   supervisor and the alleged deprivation.  *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th

27   Cir. 2018).

28   ////

1

**ANALYSIS**

2

    **Conditions of Confinement**

3
    "[T]he treatment a prisoner receives in prison and the conditions under which he is

4
confined are subject to scrutiny under the Eighth Amendment," which prohibits "cruel and

5
unusual punishment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); U.S. Const. Amend. VIII.

6
A violation of the Eighth Amendment requires a showing of both an "objective component"—the

7
objective seriousness of the challenged condition, and a "subjective component"—the responsible

8
official's subjective state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v.*

9
*Seiter*, 501 U.S. 294, 298 (1991). In challenging living conditions under the Eighth Amendment,

10
a prisoner must establish "unquestioned and serious deprivations of basic human needs" or the

11
absence of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S.

12
337, 347 (1981); accord *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Basic human needs

13
identified by the Supreme Court include "food, clothing, shelter, medical care and reasonable

14
safety," *Helling*, 509 U.S. at 32, as well as "warmth [and] exercise." *Wilson*, 501 U.S. 199-200.

15
Factors affecting whether a condition is sufficiently serious include its duration, the attendant

16
circumstances, and nature of the particular deprivation. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th

17
Cir. 2000). The Ninth Circuit has found prisoners have a right to sanitation. *Hoptowit v. Ray*,

18
682 F.2d 1237, 1246 (9th Cir. 1982), abrogated on other grounds by *Sandin v. Conner*, 515 U.S.

19
472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). But the lack of sanitation must be so severe or

20
prolonged to arise to an Eighth Amendment violation. *Anderson v. County of Kern*, 45 F.3d

21
1310, 1314, as amended, 75 F.3d 448 (9th Cir. 1995); *see also Vinning-El v. Long*, 482 F.3d 923,

22
924-25 (7th Cir. 2007)(six days confined inside cell with floor covered in water, no working

23
plumbing, walls smeared with blood and feces, no mattress, sheets, toilet paper or personal

24
hygiene items rose to Eight Amendment violation). Additionally, under certain circumstances, an

25
officials' failure to supply a prisoner with cleaning supplies when the complained of conditions

26
are serious enough to threaten an inmate's health can violate the Eighth Amendment. *Hoptowit*,

27
753 F.3d at 783-85 (9th Cir. 1985).

28

To satisfy the subjective prong, the inmate must show that the prison official was deliberately indifferent—"possessed a sufficiently culpable state of mind." *Wilson*, 501 U.S. 297-98. This requires the official to be aware of the substantial risk of harm and disregard that risk by failing to abate it using reasonable measures. *Farmer*, 511 U.S. at 837-45. This level requires more than negligence but less than actual malice. *Id.* at 835-36.

The SAC states a cognizable Eighth Amendment conditions of confinement claim against defendants Florez, Salas, Medina, and C/O #1 Third Watch. Plaintiff alleges that he complained to Defendants, multiple times, about the conditions of his cell both before and after he developed serious health conditions. Despite his complaints, Defendants laughed at Plaintiff and refused to change his cell. Plaintiff claims he suffered substantial harm by developing serious health conditions after being placed in his hazardous cell. *See* Farmer, 511 U.S. at 834. Here, accepting the allegations in the SAC as true, Defendants knew about the hazardous cell and were indifferent to Plaintiff's safety. The SAC states an Eighth Amendment claim against each of these named defendants. *See* Farmer, 511 U.S. at 837.

**Abuse of Power and Discretion**

The SAC also identifies an abuse of power and discretion claim against defendants Florez, Salas, Medina, and C/O #1 Third Watch. (Doc. No. 20 at 5). The SAC, however, does not contain separate facts pertaining to the abuse of power and discretion claim. Instead, it appears the facts in support of Plaintiff's Eighth Amendment claim are intended to satisfy this second claim.

"The policies underlying §1983 include compensation of persons injured by deprivation of federal rights and prevention of abuses of power by those acting under color of state law." *Bullock v. Johnson*, 2015 WL 13855583, *6 (C.D. Cal. Aug. 26, 2015) (quoting *Robertson v. Wegmann*, 436 U.S. 584, 590-91 (1978)). Nonetheless, there is no separate cause of action under § 1983 for an abuse of power claim. *See Johnson*, 2015 U.S. Dist. LEXIS 169153, at *6; *see also Bullock v. Tillman*, 2017 WL 3531497 (C.D. Cal. Aug. 16, 2017) ("the court cannot identify any authority giving rise to a freestanding "abuse of power" claim."). Because there is no claim of

1  abuse of power under § 1983, the undersigned will not engage in any further analysis of

2  Plaintiff's abuse of power and discretion claim.

3                    **CONCLUSIONS AND RECOMMENDATIONS**

4            Based on the foregoing, the undersigned finds the SAC states a cognizable claim under the

5  Eighth Amendment for subjecting Plaintiff to unconstitutional conditions of confinement against

6  defendants Flores, Salas, Medina, and C/O #1 Third Watch.  The SAC fails to state a claim for

7  abuse of power and discretion.  Plaintiff voluntarily dismisses defendants Chenalo, Guerrera, and

8  Padilla and any claim of retaliation against any defendants.  (Doc. No. 20 at 5).

9            Accordingly, it is **RECOMMENDED**:

10           The district court permit Plaintiff to proceed on his Eighth Amendment claim against

11  defendants Flores, Salas, Medina, and C/O #1 Third Watch for subjecting Plaintiff to

12  unconstitutional conditions of confinement.  All other claims and defendants Chenalo, Guerrera,

13  and Padilla be dismissed.

14                          **NOTICE TO PARTIES**

15           These findings and recommendations will be submitted to the United States district judge

16  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

17  days after being served with these findings and recommendations, a party may file written

18  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

19  Findings and Recommendations."  Parties are advised that failure to file objections within the

20  specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

21  838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

22

23  Dated:   August 2, 2022

24                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
25

26

27

28

                                    8