UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT EUGENE THOMAS,<br><br>  Plaintiff,<br><br>  v.<br><br>FLORES, SALAS, MEDINA, and C/O #1 THIRD WATCH,<br><br>  Defendants. | Case No. 1:19-cv-01185-AWI-HBK (PC)<br><br>ORDER REFERRING CASE TO EARLY ADR AND STAY OF CASE<br><br>DEADLINE TO OPT OUT DUE BY: February 9, 2023 |

Plaintiff Albert Eugene Thomas is a state prisoner proceeding pro se and *in forma pauperis* on his Second Amended Complaint brought pursuant to 42 U.S.C. § 1983. (Doc. Nos. 11, 20). As set forth in the August 2, 2022 Findings and Recommendations, the Court determined Plaintiff's SAC stated a cognizable Eighth Amendment claim against Defendants Flores, Salas, Medina, and C/O #1 Third Watch for unconstitutional conditions of confinement but no other claims against any other named Defendants. (Doc. No. 21., "F&R"). The F&R was adopted in full by the district court. (Doc. No. 22).

The Court refers all civil rights cases filed by pro se individuals to Alternative Dispute Resolution (ADR) to attempt to resolve such cases more expeditiously and less expensively. *See*

1

*also* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in early ADR.  No claims, defenses, or objections are waived by the parties' participation.

Attempting to resolve this matter early through settlement now would save the parties the time and expense of engaging in lengthy and costly discovery and preparing substantive dispositive motions.  The Court therefore will STAY this action for 90 DAYS to allow the parties to investigate Plaintiff's claims, meet and confer, and engage in settlement discussion or agree to participate in an early settlement conference conducted by a magistrate judge.  The Court presumes that all post-screening civil rights cases assigned to the undersigned will proceed to a settlement conference.  If, however, after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.

Accordingly, it is **ORDERED**:

1. This action will remain **STAYED until further order** to allow the parties an opportunity to settle their dispute.  No pleadings or motions may be filed in this case during the stay and the parties shall not engage in formal discovery.

2. Within 90 days from the date on this Order, or **no later than February 9, 2023**, the parties shall file a notice if they object to proceeding to a settlement conference or if they believe that settlement is not currently achievable.

3. If neither party has opted out of settlement by the expiration of the objection period, the Court will assign this matter by separate Order to a United States Magistrate Judge, other than the undersigned, for conducting the settlement conference.

4. If the parties reach a settlement prior to the settlement conference, they SHALL file a Notice of Settlement as required by Local Rule 160

5. The Clerk of Court shall serve a courtesy copy of copy of Plaintiff's second amended complaint (Doc No. 20); the Court's August 2, 2022 Findings and Recommendations (Doc. No. 21) and this Order on Supervising Deputy Attorney General Lawrence Bragg.

1      6.      The parties are obligated to keep the Court informed of their current addresses during the stay and the pendency of this action. Changes of address must be reported promptly in a Notice of Change of Address. *See* Local Rule 182(f).

Dated:    November 8, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE