UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT EUGENE THOMAS, | Case No. 1:19-cv-01185-ADA-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' EXHAUSTION-BASED MOTION FOR SUMMARY JUDGMENT[1] |
| v. | |
| SALAS, MEDINA, FLORES, and C/O #1 THIRD WATCH, | (Doc. No. 40) |
| Defendants. | FOURTEEN-DAY OBJECTION PERIOD |

Pending before the Court is the Motion for Summary Judgment filed by Defendants Salas, Medina, and Flores on June 9, 2023. (Doc. No. 40, "MSJ"). Plaintiff filed an Opposition, (Doc. No. 46), and Defendants filed a Reply. (Doc. No. 47). The Court, finding no dispute of material fact recommends the district court grant Defendants' MSJ.

### I.  BACKGROUND

**A. Summary of Plaintiff's Complaint**

Plaintiff Albert Eugene Thomas ("Plaintiff" or "Thomas"), a state prisoner, initiated this action by filing a pro se civil rights complaint under 42 U.S.C § 1983. (Doc. No. 1). Thomas

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c)(17) (E.D. Ca. 2022).

proceeds on his second amended complaint. (Doc. No. 20, "SAC"). The Court screened the SAC and found it stated cognizable Eighth Amendment conditions of confinement claims against Defendants Salas, Medina, Flores and an unnamed "C/O #1 Third Watch." (Doc. No. 21 at 8).

According to the SAC, on June 22, 2019, Plaintiff moved into building A1-126 at North Kern State Prison ("NKSP"). (Doc. No. 20 at 5). Plaintiff immediately noticed a "strong odor" coming from his cell. (*Id*. at 5-6). There was mold and mildew on the walls, the cell was filled with rust, leaking "filthy stinking" water puddled on the floor, and the improperly installed light switch shocked Plaintiff when he turned the light on or off. (*Id*. at 6-9). Plaintiff complained about the cell's conditions and requested Flores, Salas, Medina, and C/O #1 Third Watch to inspect his cell, but they refused. (*Id*. at 6). Soon after moving into his cell, Plaintiff developed an excruciating cough, a sore throat, and experienced pain when breathing. (*Id*. at 6-7). Plaintiff also had trouble sleeping over an extended period because he would wake up from coughing. (*Id*. at 6). Plaintiff continued to complain about the conditions of his cell to these four Defendants and made them each aware that his health was deteriorating due to the cell's condition. (*Id*.). But each of the Defendants laughed and refused to move Plaintiff. (*Id*.). Plaintiff continued to make requests to the four named Defendants to move him, and even undertook his own search for a new cell, but the Defendants refused to transfer Plaintiff to another cell. (*Id*.). Plaintiff also requested, but was denied, cleaning supplies by Defendants. (*Id*.).

On August 7, 2019, 48 days after he first moved into the cell, Plaintiff was moved to a different cell. (*Id*. at 9). But Plaintiff's physical condition continued to deteriorate, and approximately five to six months after he first developed his cough, he was sent to a hospital outside of North Kern State Prison. (*Id*. at 10). Plaintiff was diagnosed with Valley Fever and pneumonia. (*Id*.). As relief, Plaintiff seeks $50,000 in punitive and $50,000 in compensatory damages from each Defendant. (*Id*. at 12).

**B. Defendants' Exhaustion-Based Motion for Summary Judgment**

Defendants filed the instant exhaustion based MSJ on June 9, 2023. (Doc. No. 40). In support, Defendants submit a memorandum of points and authorities (Doc. No. 40-1); a statement of undisputed material facts (Doc. No. 40-3); the Declaration of B. Johnson (Doc. No. 40-4); the

2

1 Declaration of Howard Moseley (Doc. No. 40-5), and the Declaration of Joseph J. Railey (Doc No. 40-6). Defendants contend the uncontroverted evidence proves Plaintiff did not exhaust his available administrative remedies regarding his Eighth Amendment claims against any named Defendant because he never filed a grievance regarding the conditions of his cell but instead directly filed a civil rights complaint in federal court. (Doc. No. 40-1 at 5).

### C. Plaintiff's Opposition to Exhaustion-Based MSJ

On August 31, 2023, Plaintiff filed an Opposition. (Doc. No. 46). In support, Plaintiff submits a memorandum of points and authorities. (*See id*.). Plaintiff does not dispute that he did not exhaust his administrative remedies but explains because he was on the verge of dying, he "decided that he needed to file his 1983 before his demise so that his family would know what had happened to him." (*Id*. at 4). Plaintiff implies that the Court should find an exception to the PLRA's exhaustion requirement considering his exigent circumstances. (*Id*.). In the alternative, Plaintiff contends that because most of the grievances he filed as a CDCR inmate were denied, the administrative grievance process was effectively unavailable to him, excusing him from compliance with the PLRA. (*Id*. at 5-6).

## II. APPLICABLE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material where it is (1) relevant to an element of a claim or a defense under the substantive law and (2) would affect the outcome of the suit. *See Anderson v. Liberty Lobby, Inc*. 477 U.S. 242, 247 (1987).

The party moving for summary judgment bears the initial burden of proving the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). When the moving party has met this burden, the nonmoving party must go beyond the pleadings and set forth specific facts by affidavits, deposition testimony, documents, or discovery responses, showing there is a genuine issue that must be resolved by trial. *See* Fed. R. Civ. P. 56(c)(1); *Pacific Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir.

3

2021). A mere "scintilla of evidence" in support of the nonmoving party's position is insufficient. *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Rather, the evidence must allow a reasonable juror, drawing all inferences in favor of the nonmoving party, to return a verdict in that party's favor. *Id.*

In an exhaustion-based summary judgment motion, the defendant bears the initial burden of establishing "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). If the defendant carries that burden, "the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* The ultimate burden of persuasion remains, however, with defendant. *Id.*

The Court has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. The omission to an argument, document, paper, or objection is not to be construed that the Court did not consider the argument, document, paper, or objection. Instead, the Court thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate for purposes of this Order.

**B. Exhaustion Under the PLRA**

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life," including *Bivens* claims. *Porter v. Nussle*, 534 U.S. 516, 524, 532 (2002). Exhaustion is a condition precedent to filing a civil rights claim. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

The PLRA recognizes no exception to the exhaustion requirement, and the court may not recognize a new exception, even in "special circumstances." *Ross v. Blake*, 578 U.S. 632, 648 (2016). The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." *Id.* at 639. There are three circumstances where remedies are deemed unavailable:

4

> (1) the "administrative procedure . . . operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Ross*, 578 U.S. at 643-44. A prison's internal grievance process controls whether the grievance satisfies the PLRA exhaustion requirement. *Jones v. Bock*, 549 U.S. 199, 218 (2007).

An inmate must exhaust available remedies but is not required to exhaust unavailable remedies. *Albino v. Baca*, 747 F.3d 1162, 1171 (9th Cir. 2014) (*en banc*). "To be available, a remedy must be available 'as a practical matter'; it must be 'capable of use; at hand.'" *Id.* (quoting *Brown v. Valoff*, 422 F.3d 926, 936–37 (9th Cir. 2005)). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001) ).

Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 204. It is the defendant's burden to prove that there was an available administrative remedy, and that the prisoner failed to exhaust that remedy. *Albino*, 747 F.3d at 1172. "Once the defendant has carried that burden, the prisoner has the burden of production. That is, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* If the court concludes that the prisoner failed to exhaust available administrative remedies, the proper remedy is dismissal without prejudice. *See Jones*, 549 U.S. at 223–24; *Lira v. Herrera*, 427 F.3d 1164, 1175–76 (9th Cir. 2005).

**C. CDCR's Inmate Grievance Process**

During the relevant time period, the CDCR provided inmates with the administrative grievance process set forth in the version of Cal. Code regs. tit. 15 §§ 3084-3086 in effect at that

time.[2] *See Willis v. Taylor*, 2023 WL 4410937, at *1 (N.D. Cal. July 7, 2023). The CDCR provided its inmates "an administrative mechanism for review of departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect upon the welfare of inmates . . ." Cal. Code Regs. tit. 15 § 3084.1(a) (2019). The grievance process required a prisoner to use a CDCR Form 602 "to describe the specific issue under appeal and the relief requested" by stating all facts known and available regarding the issue, and by listing all staff member(s) involved and describing their involvement in the issue. Cal. Code Regs. tit. 15 § 3084.2(a) (2019). A grievance was reviewed at three different levels: (1) a first formal level filed with one of the institution's appeal coordinators, (2) a second formal level filed with the institution head or designee, and (3) a third formal level filed with the CDCR's Office of Appeals ("OOA"). Cal. Code Regs. tit. 15 § 3084.7 (2019). Pursuing a grievance through the third and final level satisfied the exhaustion requirement set forth in 42 U.S.C. § 1997e(a). Cal. Code Regs. tit. 15 § 3084.1(b) (2019).

### III. ANALYSIS

**A. Material Facts Regarding Exhaustion of Administrative Remedies**

Following a thorough review of the evidence submitted, the Court finds these material facts are deemed undisputed, unless otherwise indicated:

- During the events giving rise to this action, Plaintiff Thomas was incarcerated at North Kern State Prison. (Doc. No. 20).
- An inmate appeal or administrative remedy process is available at North Kern State Prison. (Doc. No. 20; Doc. No. 40-4 ¶ 3).
- Plaintiff pursued two administrative grievances at NKSP not related to the conditions of his cell to the final level of review between June 22, 2019, and August 30, 2021. (Doc. No. 40-5 ¶ 8 n.1).

---

[2] The regulations that establish the administrative remedies process for California prisoners underwent a substantial restructuring in 2020. On March 25, 2020, and effective June 1, 2020, Cal. Code Regs. tit. 15 §§ 3084–3084.9 were repealed and replaced with renumbered and amended provisions at sections 3480 through 3487. Because the relevant events took place in 2019, the current administrative grievance process does not apply to Plaintiff's claim. All the citations in this order to the California regulations are to the regulations in place during the relevant period in this case, rather than to the current regulations.

6

- Plaintiff's fully exhausted grievances which addressed the food served at his institution and loss of property during a mass cell search. (Doc. No. 40-5 ¶ 8 n.1).
- In addition to the fully exhausted grievances, Plaintiff also filed two other grievances with the NKSP grievance office between June 22, 2019, and August 30, 2021. (Doc. No. 40-4 ¶ 11).
- Plaintiff's two additional grievances dealt with an Americans with Disabilities Act matter involving Plaintiff's request for diabetic socks and a complaint involving Covid-19. (Doc. No. 40-4 ¶ 11).
- Plaintiff did not file an administrative grievance regarding the allegations in the SAC. (Doc. No. 40-5 ¶¶ 8-9; Doc. No. 40-6 at 4, 10; Doc. No. 40-4 ¶ 11).
- In response to an interrogatory asking why Plaintiff did not submit a CDCR-602, Plaintiff indicated he failed to do so because he feared he would die before the inmate appeal process was complete. (Doc. No. 40-6 at 10, 23).
- On June 24, 2019, Plaintiff submitted a CDCR-22 form to the Program Sergeant documenting issues with his cell. (Doc. No. 40-6 at 14).
- Plaintiff stated that he could not file a 602 until after he had completed the "22-form process, or [the grievance office] can just reject [the 602] for cause." (Doc. No. 40-6 at 4).
- CDCR policy clearly indicates that the formal administrative grievance process and the Inmate/Parolee Request for Interview, Item or Service process are separate and can be used at the same time to address the same issue. (Doc. No. 40-4 ¶ 12, Doc. No. 40-4 at 9-12 [Cal. Code Regs. tit. 15, § 3086 (2019)]; Doc. No. 40-4 at 14-15 [CDCR Dept. Operations Manual, Art. 52 (2023)]; Cal. Code Regs. tit. 15 § 3086(e)(2) (2019); CDCR Dept. Operations Manual, § 54090.4.2 (2023)).
- CDCR policy does not require an inmate to submit a Form 22 and receive a response before submitting a formal grievance. Cal. Code Regs. tit. 15 § 3084.

**B. Plaintiff Did Not Exhaust His Administrative Remedies**

The uncontroverted evidence in this case shows that Plaintiff did not exhaust his

7

administrative remedies. Indeed, Plaintiff admits he did not even attempt to file a prison grievance regarding the conditions of his cell. (Doc. No. 46 at 4). Plaintiff asserts this was justified because he believed he would die before it could be processed. (*Id*.). Plaintiff also asserts he believed the grievance process was futile because prison officials consistently rejected or denied his grievances. (*Id*. at 5). Thus, there is no genuine dispute of material fact that Plaintiff did not complete the prison administrative grievance process as required by the PLRA.

### C. Plaintiff Does Not Set Forth Circumstances That Constitute an Exception to the PLRA's Exhaustion Requirement

Plaintiff nevertheless argues that he should be excused from the PLRA's exhaustion requirement for two reasons: (1) he was facing what he believed was his imminent death, which constituted exigent circumstances permitting him to skip the grievance process; and (2) prison officials' repeated denial of his grievances rendered the grievance process effectively unavailable to him. (*Id*. at 4-5). As set forth below, the Court is not persuaded by either claim.

#### 1. Plaintiff's Health Problems Did Not Constitute An Exception to the Exhaustion Requirement

Plaintiff contends that his failure to exhaust his administrative remedies is excused because he feared that he would die before a grievance was resolved. (Doc. No. 46 at 4.) Thus, he was justified in skipping directly to filing a complaint in Federal Court rather than filing a prison grievance. (*Id*.).

As noted above, there are three circumstances in which an administrative remedy, "although officially on the books, is not capable of use to obtain relief." *Booth v. Newsom*, 2020 WL 6741730, at *3 n.3 (E.D. Cal. Nov. 17, 2020) (quoting *Ross v. Blake*, 578 U.S. 632, 643–44 (2016), *report and recommendation adopted*, 2020 WL 7632211 (E.D. Cal. Dec. 22, 2020):

> (1) the "administrative procedure . . . operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) the "administrative scheme . . . [is] so opaque that it becomes, practically speaking, incapable of use . . . so that no ordinary prisoner can make sense of what it demands;" and (3) "prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."

*Id.* (quoting *Ross*, 578 U.S. at 643–44) (alteration in original).  Plaintiff does not allege that he failed to exhaust because of one of the circumstances described by the Supreme Court.  Instead, Plaintiff decided to circumvent the administrative grievance process because he believed he would not live long enough to exhaust his administrative remedies.  (Doc. No. 46 at 4).  Plaintiff's belief that he was at imminent risk of dying is not a valid basis for avoiding the exhaustion requirement of 42 U.S.C. § 1997e(a).

In *Booth v. Newsom*, as in this case, the inmate plaintiff pointed to an emergency that he believed required that he bypass the administrative grievance process and immediately file suit.  *Booth*, 2020 WL 6741730, at *3, n. 2. The Court determined that Plaintiff's claimed emergency did not excuse compliance with the PLRA's exhaustion requirement. *Id.* at *3; *see also Sapp v. Kimbrell*, 623 F.3d 818, 827 (9th Cir. 2010) (finding that inmate did not qualify for any equitable exception that may exist to the exhaustion requirement when the inmate did not file any grievance challenging a denial of medical care despite being informed to do so); *Ross v. Blake*, 578 U.S. 632, 640–41 (2016) (holding that there is not a "special circumstances" exception to the PLRA's mandatory exhaustion requirement).  In addition to being unsupported by law, Plaintiff's argument that his health condition justified an exception to the exhaustion requirement is unsupported by the facts.  Plaintiff states that he began to develop a dry cough shortly after he moved into the allegedly uninhabitable cell on June 22, 2019.  (Doc No. 20 at 6.)  Plaintiff was not hospitalized six months later.  (*Id.* at 10).  These facts do not establish that Plaintiff was too ill to submit a grievance prior to bringing this lawsuit.

Because Plaintiff does not set forth facts showing that NKSP's administrative grievance process was unavailable, the undersigned finds no genuine dispute of material facts as to his failure to exhaust his administrative remedies. *See Albino*, 747 F.3d at 1166.

    2. <u>Plaintiff Does Not Establish That Repeated Denial of His Grievances Made the Prison Grievance Process Unavailable</u>

Plaintiff next argues in his Opposition that "the Prison Litigation Reform Act/exhaustion of administrative remedies . . . is unavailable when . . . it operates as a simple dead-end with prison officers unable or consistently unwilling to provide any relief to aggrieved inmates."

(Doc. No. 46 at 6). He contends that in his more than 20 years in CDCR custody, he has filed "a number of grievances" and has been granted relief in "no more than three of them." (*Id*. at 5). First, Plaintiff's claim in his Opposition, that most of his grievances at CDCR have been denied, does not meet the requirements of Rule 56(c)(1)(A) for establishing a genuine dispute of material fact. To do so, Plaintiff must

> cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials.

Fed. R. Civ. P. 56(c)(1)(A). Plaintiff's conclusory assertions in his Opposition, which do not cite to any competent evidence, are insufficient to set forth a genuine dispute of material fact. *See Deutsche Bank Nat'l Tr. Co. v. SFR Invs. Pool 1, LLC*, 382 F. Supp. 3d 1114, 1118 (D. Nev. 2019) ("the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data.").

Moreover, the mere fact that an unspecified number of Plaintiff's grievances were denied at unspecified CDCR facilities does not establish that the grievance process was unavailable at NKSP. Indeed, Plaintiff has no constitutional right to have his grievances granted. *See Jenkins v. Bernatene*, 2012 WL 3764035, at *5 (E.D. Cal. Aug. 29, 2012) ("Plaintiff has a First Amendment right to file prison grievances but does not have a right to any particular response."); *Norman v. Walker*, 2011 WL 6153274, at *4 (E.D. Cal. Dec. 12, 2011) ("While plaintiff may have a constitutional right to access established prison grievance procedures, that right protects his ability to file the grievance, but does not protect him as to how prison officials process and/or decide the grievance.").

Even if true, the fact that many of Plaintiff's grievances have been denied does not establish that the grievance process was effectively unavailable to him. The Court therefore finds Plaintiff does not set forth a basis to deny Defendant's motion for summary judgment.

**FINDINGS AND RECOMMENDATION**

As set forth above, Plaintiff admits he did not attempt to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Plaintiff does not set forth circumstances that

show his administrative remedies at NKSP were effectively unavailable. Therefore, Defendants are entitled to summary judgment.

Accordingly, it is **RECOMMENDED**:

Defendants' motion for summary judgment (Doc. No. 40) be GRANTED in full.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   September 27, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE