UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT EUGENE THOMAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SALAS, MEDINA, FLORES, and C/O #1 THIRD WATCH,<br><br>　　　　Defendants. | Case No. 1:19-cv-01185-NODJ-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO STRIKE AND TERMINATING MOTION ASSOCIATED WITH PLAINTIFF'S OPPOSITION[1]<br><br>(Doc. Nos. 50, 52, 53) |

Pending before the Court is Plaintiff's construed exhaustion-based, cross motion for summary filed on October 20, 2023. (Doc. No. 50, "Plaintiff's MSJ"). In response, Defendants filed a Motion to Strike Plaintiff's MSJ, asserting that Plaintiff's MSJ is untimely as it was filed more than four months past the deadline for dispositive motions. (Doc. No. 52). Plaintiff filed a construed opposition to Defendants' Motion to Strike. (*See* Doc. No. 53). For the reasons set forth below, the Court grants Defendants' Motion to Strike.

**DEFENDANTS' MOTION TO STRIKE**

In his MSJ, Plaintiff asserts he is entitled to summary judgment on exhaustion grounds because he recently located a grievance regarding his conditions of confinement claim, but it was never assigned a log number. (Doc. No. 50 at 2-3). As a result, Plaintiff asserts CDCR's

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

1  administrative remedies were unavailable to him.  (*Id*.).  At the outset, the Court cannot plausibly
2  liberally construe Plaintiff's MSJ, filed on October 20, 2023, as an opposition to Defendants'
3  exhaustion-based Motion for Summary Judgment, which was filed more than four months earlier,
4  because Plaintiff already filed an opposition to Defendants' Motion on August 31, 2023, and the
5  undersigned issued Findings and Recommendations on Defendants' exhaustion-based Motion for
6  Summary Judgment on September 27, 2023.[2]  (*See* Doc. Nos. 40, 46, 48).  Further, Plaintiff also
7  separately filed Objections to the undersigned's Findings and Recommendation.  (Doc. No. 20).
8       In their Motion to Strike, Defendants assert that Plaintiff's MSJ should be stricken
9  because it was untimely filed under the Court's Discovery and Scheduling Order ("DSO").
10  (Doc. No. 52 at 2-3).  The Court's DSO initially set a deadline for exhaustion-based motions for
11  summary judgment for May 9, 2023.  (Doc. No. 32).  This deadline was later extended on
12  Defendants' motion to June 9, 2023.  (Doc. Nos. 36, 37).  Thus, Plaintiff's exhaustion-based
13  motion for summary judgment is untimely and can be stricken on that basis.  *See, e.g., G. v.*
14  *Hawaii*, 2009 WL 4250029, at *1 (D. Haw. Nov. 24, 2009) (granting motion to strike motion for
15  summary judgment as untimely under discovery and scheduling order).
16       Alternatively, Plaintiff's MSJ may be stricken under Rule 12(f) because exhaustion of
17  administrative remedies, or unavailability of administrative remedies, does not entitle Plaintiff to
18  summary judgment.  Exhaustion is an affirmative defense that must be raised and proven by a
19  defendant in a prisoner civil rights action.  *Jones v. Bock*, 549 U.S. 199, 211 (2007).
20  Consequently, even assuming Plaintiff's pleading establishes that he exhausted his administrative
21  remedies, which the Court does not find, such a finding would only entitle Plaintiff to proceed on
22  his Eighth Amendment claims.  It would not entitle him to summary judgment as a matter of law.
23  Thus, Plaintiff's motion is improper because it seeks a remedy to which he is not entitled.  *See*
24  *Lewis v. Ugwueze*, 2021 WL 4168435, at *1 (E.D. Cal. Sept. 14, 2021) ("To the extent that
25  Plaintiff's motion addresses the issue of exhaustion, which is an affirmative defense and not a

---

[2] On December 4, 2023, this case was reassigned to the No District Judge docket to the elevation of Judge de Alba to the Ninth Circuit.  Because all parties have not consented to magistrate judge jurisdiction, these Findings and Recommendation will remain pending until a new district judge is assigned to this case.

<small>

basis for judgment in Plaintiff's favor, his motion is unnecessary and shall be denied"), *report and recommendation adopted*, 2021 WL 4975288 (E.D. Cal. Oct. 26, 2021).

Finally, in Plaintiff's construed opposition to Defendants' Motion to Strike,[3] Plaintiff contends that Defendants' Motion was untimely because it was not filed within 14 days of Plaintiff's MSJ. (*Id*. at 1). In support, Plaintiff cites to Federal Rule of Civil Procedure 12(a)(4)(a), which states that:

> Unless the court sets a different time, serving a motion under this rule alters these periods as follows:
>
> (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or
>
> (B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

Fed. R. Civ. P. 12(a)(4)(a). However, section (a) of Rule 12 pertains to the time to file a responsive pleading to a summons and complaint, not a motion to strike. In contrast, Rule 12(f) states provides:

> The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:
>
> (1) on its own; or
>
> (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R. Civ. P. 12(f). Here, Defendants filed their Motion to Strike before responding to the pleading. (*See* Doc. No. 52 at 4 n.1) ("Should the Court decline to strike the untimely motion, Defendants respectfully request an extension of time in order to oppose the contents of Plaintiff's motion."). Thus, Defendants' Motion to Strike was timely filed in compliance with Rule 12(f) and Plaintiff's argument to the contrary is unavailing.

---

[3] A motion's "nomenclature is not controlling." *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 527 (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058, 1061 (9th Cir. 1976)). Instead, we "construe [the motion], however styled, to be the type proper for the relief requested." *Id*.

Accordingly, it is **ORDERED:**

1. Defendants' Motion to Strike Plaintiff's Exhaustion-Based Motion for Summary Judgment (Doc. No. 52) is **GRANTED** for the reasons set forth above.

2. The Clerk of Court is directed to **STRIKE** Plaintiff's construed Cross-Motion for Summary Judgment (Doc. No. 50).

3. The Clerk of Court is directed to **TERMINATE** Plaintiff's construed opposition (Doc. No. 53) as a pending motion.

Dated:   February 14, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4