UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT EUGENE THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>SALAS, MEDINA, FLORES, and C/O #1 THIRD WATCH,<br><br>Defendants. | No. 1:19-cv-01185-KES-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Docs. 40, 48) |

  Plaintiff Albert Eugene Thomas proceeds on his prisoner civil rights action filed under 42 U.S.C. § 1983 against defendants Salas, Medina, Flores, and C/O #1 Third Watch. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On June 9, 2023, defendants filed a motion for summary judgment, arguing that this action should be dismissed based on plaintiff's failure to exhaust administrative remedies. Doc. 40. Plaintiff opposed summary judgment and defendants filed a reply. Docs. 46, 47. On September 27, 2023, the magistrate judge issued findings and recommendations, recommending that defendants' motion for summary judgment be granted as the record established that plaintiff failed to exhaust administrative remedies. *See* Doc. 48. The findings and recommendations

1

1 notified the parties that any objections were to be filed within 14 days of service. *Id.* at 11. On
2 October 20, 2023, plaintiff filed objections to the findings and recommendations. Docs. 49.
3 Defendants Flores, Medina, and Salas filed a response to plaintiff's objections. Doc. 51.

Also on October 20, 2023, plaintiff filed a "Petition for Cross Claim by Summary Judgment and Memorandum of Points and Authorities in Support for File Any Opposition By Counter Affidavit Under Penalty of Perjury On the Record [Filed Concurrently With the Affidavit] [In Objection In Support]" (Doc. 50, "Motion"). Plaintiff attached to his motion a request for judicial notice of the following exhibits: (1) a "Copy Certification by Document Custodian" attesting that the attached documents are true copies, signed by plaintiff on October 19, 2023; (2) a copy of a purported June 2019 grievance form signed by plaintiff but without any filing stamp; and (3) a declaration from fellow inmate Paul Pleasant, dated August 7, 2019, concerning the conditions of plaintiff's cell. Doc. 50 at 5-11. On February 14, 2024, the magistrate judge granted defendants' motion to strike plaintiff's motion as untimely, among other grounds. Doc. 60. Plaintiff has not appealed that order. *See* docket. Moreover, even considering those now-stricken records in conjunction with plaintiff's objections, as set forth below they do not undermine the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the court has conducted a de novo review of this case. Having carefully reviewed the file, for the reasons set forth below, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In an affidavit included with his objections, plaintiff asserts that he recently discovered a copy of his grievance claim dated June 29, 2019 (which is unstamped and is blank in all sections other than those filled in by plaintiff), which he claims shows that he exhausted his administrative remedies by filing a grievance in June 2019. Doc. 49 at 2 ¶ 2. This assertion contradicts plaintiff's prior statements in his court filings and interrogatory responses, in which plaintiff claimed that he filed this § 1983 action without exhausting his administrative remedies because he believed he was about to die. To explain this contradiction, plaintiff now asserts that he believes he may suffer from early-onset Alzheimer's disease and that he forgot he had filed a

grievance. *Id.* at ¶ 5.  He also "now seems to recollect that [his] cell was searched and documents were [unlawfully] confiscated at that time," implying that the documents at issue must have been taken by CDCR staff.  *Id*. at 3 ¶ 6.  Plaintiff argues that the existence of the purported grievance form creates a genuine dispute of material fact that should preclude summary judgment.

      The court finds plaintiff's objections unpersuasive and adopts the findings and recommendations.  First, the court has discretion whether to consider supplemental evidence presented for the first time in objections to a magistrate judge's findings and recommendations.  *See U.S. v. Howell*, 231 F.3d 615, 621–22 (9th Cir. 2000).  Here, the court declines to accept the proffered supplemental evidence.  It would be unfair to permit plaintiff to introduce new evidence at this late stage of the proceedings, after failing to produce it in response to requests for production, *see* Doc. 51 at 2, and particularly after plaintiff made contrary representations in his interrogatory responses, *see* Doc. 40-6 at 4, and his own briefing, *see* Doc. 46 at 4.[1]

      Second, the court has examined plaintiff's affidavit and will disregard it as a "sham affidavit."  "The general rule in the Ninth Circuit is that a party cannot create an issue of fact by an affidavit contradicting" prior testimony.  *Van Asdale v. Int'l Game Tech.*, 577 F.3d 989, 998 (9th Cir. 2009) (quoting *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  The sham affidavit rule "applies to conflicts between affidavits and interrogatory responses as well as deposition testimony."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1264 (9th Cir. 1993).  There are two important limitations on a district court's discretion to disregard a sham affidavit.  *Van Asdale*, 577 F.3d at 998.  First, the district court must make a factual determination that the contradiction was a "sham"; and second, the inconsistency between the prior testimony and subsequent affidavit must be clear and unambiguous to justify the striking of the affidavit.  *Id.* at 998–99.  The non-moving party is not prohibited from elaborating on or clarifying prior testimony and "minor inconsistencies that result from an honest discrepancy, mistake, or newly discovered evidence."  *Id.* at 999.

---

[1] In his opposition to defendants' motion for summary judgment, plaintiff conceded that he never filed a grievance regarding the conditions of confinement in his cell, but argued he should be excused from doing so because he "didn't believe that he was going to live much longer" and therefore could not exhaust his administrative remedies.  *See* Doc. 46 at 4.

Plaintiff's affidavit contradicts his prior statements indicating that he did not exhaust the administrative grievance process because he feared he would die before he could do so. *See* Doc. 40-6 at 4–5. Plaintiff offers unpersuasive, shifting explanations for his failure to produce the grievance form and other documents earlier. First, he claims to have newly discovered the documents "upon his search through boxes worth of filed [sic] in the course of all litigation accumulated over the years . . ." (Doc. 49 at 2 ¶ 3), implying that he had the documents in his possession for an unspecified period but did not discover them until shortly after the magistrate judge issued the findings and recommendations. Inconsistently, plaintiff also asserts that the documents must have been stolen from him during a search of his cell during the pendency of this case, *id*. ¶ 4, without explaining how or when he allegedly regained possession of the documents. Finally, to attempt to explain why he repeatedly "forgot" he filed the grievance, and made contrary representations throughout this litigation, plaintiff now asserts he "believes" he suffers from early onset Alzheimer's disease. *Id*. at 2-3 ¶ 5. Plaintiff does not offer any medical documentation to support his belief that he has early onset Alzheimer's disease nor point to any document filed in this case where he made a similar representation.[2] Instead, he asserts without any support that, at the time he initiated this action, he was suffering from brain fog and loss of memory. *Id*.

Plaintiff's new affidavit is inconsistent with multiple prior statements by him in this case, including his previous explanations as to why he did *not* exhaust the administrative grievance process, as set forth in his responses to interrogatories and in his opposition to summary judgment, Docs. 40-6 at 4-5 and 46. The timing of plaintiff's alleged discovery of the new documents, shortly after the issuance of the findings and recommendations, also supports the conclusion that plaintiff's recent affidavit is a "sham" and should not be considered by the court when ruling on the summary judgment motion. Thus, the court adopts the magistrate judge's findings that there is no genuine dispute of material fact, and that plaintiff did not exhaust his administrative remedies. Accordingly, summary judgment based on plaintiff's failure to exhaust

---

[2] If plaintiff's claim to be suffering from early onset Alzheimer's disease were true that would significantly undermine, not support, the reliability of plaintiff's new allegations in his affidavit.

administrative remedies is appropriate.

Accordingly, it is ORDERED that:

1. The findings and recommendation, issued on September 27, 2023, Doc. 48, are ADOPTED in full.
2. Defendants' motion for summary judgment, Doc. 40, is GRANTED.
3. The action is DISMISSED based upon plaintiff's failure to exhaust administrative remedies.
4. The Clerk of Court shall terminate any pending motions and CLOSE this case.

IT IS SO ORDERED.

Dated:  October 21, 2024

UNITED STATES DISTRICT JUDGE